UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

JFC (XXX-XX-7672)                          CIVIL ACTION NO. 09-cv-1169

VERSUS                                     JUDGE HICKS

US COMMISSIONER SOCIAL                     MAGISTRATE JUDGE HORNSBY
SECURITY ADMINISTRATION

**REPORT AND RECOMMENDATION**

Plaintiff filed for disability benefits based on physical and mental health impairments. In evaluating a disability claim, the Commissioner conducts a five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity. The claimant bears the burden of showing he is disabled through the first four steps of the analysis; on the fifth, the Commissioner must show that there are jobs that exist in significant numbers that the claimant can perform. If, at any step, the claimant is determined to be disabled or not disabled, the inquiry ends. See Audler v. Astrue, 501 F.3d 446, 447-48 (5th Cir. 2007).

ALJ Leslie John Rodriguez assessed the evidence and conducted the five-step analysis. He found for Plaintiff at step one. At step two, he found that Plaintiff has the

following severe impairments: status post fusion at L2-3 and degenerative disc disease at L4-5, status post right proximal fibular fracture and adjustment disorder with anxiety. Tr. 10.

The ALJ ruled for Plaintiff at step three. He next assessed Plaintiff's residual functional capacity ("RFC"). See Social Security Ruling 96-8p. He determined that Plaintiff had the RFC to perform light work, as defined by the regulations, "reduced by a need to periodically alternate sitting and standing, *marked limitations in the ability to understand, remember and carryout complex instructions and make judgments on complex work-related decisions*, and moderate limitations in the ability to understand, remember and carryout simple instructions and make judgments on simple work-related decisions, and interact appropriately with the public, supervisors and co-workers." (emphasis added) Tr. 13.

Vocational expert ("VE") Charles Smith testified at the hearing relevant to steps four and five. Step four of the analysis asks whether the claimant is capable of performing the demands of his past relevant work. The ALJ asked the VE to consider a hypothetical person with Plaintiff's education, training, and work experience at the light exertional level and with certain postural limitations. The ALJ asked the VE whether the hypothetical person could perform Plaintiff's past work as a roughneck, and the VE said no. Tr. 47-48. The ALJ accepted that testimony and held in Plaintiff's favor at step four. Tr. 16.

Step five asks whether a person has the ability to perform the demands of other jobs that exist in significant numbers in the national economy. The ALJ asked the VE whether the hypothetical person could perform other such jobs, and the VE identified jobs. The ALJ

then added to the hypothetical various physical limitations, such as the need for a sit/stand option, and asked whether the person could still perform the mentioned jobs. The VE eventually identified the representative jobs of assembler of small parts, telephone solicitor, and dispatcher that the hypothetical person could perform despite the physical or exertional limitations assigned to Plaintiff. Tr. 50-51.

The ALJ then asked the VE to also consider some non-exertional limitations.[1] He specifically stated that the VE was to consider the limitations as "moderate being defined as there is a moderate limitation in the area, but the individual is able to function satisfactorily." He went on to ask the VE to consider various non-exertional limitations, including "that this hypothetical person is moderately limited in the ability to understand and remember detailed instructions, moderately limited in the ability to carry out detailed instructions ... ." Tr. 52. The ALJ asked the VE if those limitations would affect the jobs identified, and the VE said that they would not. When the ALJ asked the VE to consider that the limitation in the ability to maintain attention and concentration for extended periods was escalated to a marked limitation, the VE said it would eliminate the identified jobs. Tr. 52-53. The ALJ relied on

---

[1] "Nonexertional capacity considers all work-related limitations and restrictions that do not depend on an individual's physical strength; i.e., all physical limitations and restrictions that are not reflected in the seven strength demands, and mental limitations and restrictions. It assesses an individual's abilities to perform physical activities such as postural (e.g., stooping, climbing), manipulative (e.g., reaching, handling), visual (seeing), communicative (hearing, speaking), and mental (e.g., understanding and remembering instructions and responding appropriately to supervision). In addition to these activities, it also considers the ability to tolerate various environmental factors (e.g., tolerance of temperature extremes)." Social Security Ruling 96-8p

the testimony of the VE and found that Plaintiff was not disabled because his RFC permits him to perform the three identified jobs. Tr. 16-17.

Plaintiff's Statement of Errors in his brief does not specifically attack the hypothetical questions used, but the discussion of the second listed issue includes a complaint that the hypothetical questions did not include all of the limitations found by the ALJ. Specifically, the ALJ found that Plaintiff had a marked limitation in the ability to understand, remember, and carry out complex instructions and make judgments on complex work-related decisions. That limitation was not included in the hypothetical posed to the VE, who was asked to consider only a moderate limitation in that regard.

Testimony from a VE may provide substantial evidence with respect to the inquiry at step five, but reversal may be required if the ALJ poses a defective hypothetical question to the VE. "Unless the hypothetical question posed to the vocational expert by the ALJ can be said to incorporate reasonably all disabilities (limitations) of the claimant recognized by the ALJ, and the claimant or his representative is afforded the opportunity to correct deficiencies in the ALJ's question by mentioning or suggesting to the vocational expert any purported defects in the hypothetical questions (including additional disabilities not recognized by the ALJ's findings and disabilities recognized but omitted from the question), a determination of non-disability based on such a defective question cannot stand." Bolling v. Shalala, 36 F.3d 431, 436 (5th Cir. 1994). See also Boyd v. Apfel, 239 F.3d 698, 707 (5th Cir. 2001).

The hypothetical question did not incorporate reasonably all the limitations recognized by the ALJ. Plaintiff is now represented by counsel, but he was unrepresented at the hearing. Furthermore, it was not known at the time of the hearing the degree of limitations that the ALJ would find, so Plaintiff could not reasonably have attempted to correct this deficiency at the hearing by insisting the VE consider a marked as well as moderate limitation. The ALJ could have done so by, after determining a marked limitation, by directing a post-hearing written hypothetical to the VE to ask the impact that the greater degree of limitation would have on the available jobs. That was not done. The VE's testimony did not consider all of the claimant's limitations, so it did not provide substantial evidence for the step-five decision.

On remand, Plaintiff and the agency may further explore this issue as well as the several others raised in Plaintiff's brief that were not discussed in this opinion. For example, there is doubt about the meaning of Dr. Staats' report, given that he apparently uses terms such as poor, impaired, or marginal rather than moderate, marked, or severe – the latter being terms used in the regulations – when assessing the degree of certain impairments. Clarification in that regard could avoid most of the issues raised in Plaintiff's brief. If the agency has not already done so, it is asked to instruct Dr. Staats to employ language contemplated by the agency's regulations, rulings, and manuals rather than use terms that have caused confusion and occasionally reversal in several cases that have come before the courts. See, e.g., Thompson v. Astrue, 2009 WL 2222529 (W.D. La. 2009) and MLM v.

Astrue, 2009 WL 3156542 (W.D. La. 2009) Clarification or the use of precise, defined language in this area could save untold hours expended by the agency, the courts, and counsel for the claimants.

Accordingly,

**IT IS RECOMMENDED** that the Commissioner's decision be reversed pursuant to the fourth sentence of 42 U.S.C. § 405(g) and that this case be remanded for further proceedings consistent with the court's decision.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within seven (7) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 20th day of July, 2010.

*[signature]*
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE